## VREEDENBURGH *vs.* CALF.

An application to dismiss an appeal from the decision of a surrogate, on account of the neglect of the appellant to procure a return of the transcript of the proceedings within the time prescribed by the 118th rule of the court of chancery, must be upon notice to the appellant or his solicitor; and cannot be made ex parte as in case of a neglect to file the petition of appeal.

The court will not dismiss on appeal from the decision of a surrogate, for the neglect of the appellant to procure the return of the transcript within the twenty days limited for that purpose, where he shows a sufficient excuse for not procuring it within that time. And it is too late to give notice of the application to dismiss the appeal, on the ground that the transcript was not returned within twenty days, after the respondent or his solicitor has notice of the fact that the transcript is actually returned and filed, though not within the time prescribed by the rule.

THIS was an appeal from an order of a surrogate requir- March 5. ing the appellant, to whom letters *ad colligendum bona defuncti* had been granted, to give further security. The appeal was entered on the 3d of November, 1838; and the respondent's counsel, upon an affidavit that the transcript of the proceedings before the surrogate were not returned to this court until the first of December thereafter, applied, ex parte, to dismiss the appeal with costs.

The CHANCELLOR refused to hear the application ex parte. He said a distinction was intentionally made, in the 118th rule of the court, between an application to dismiss for a neglect to file the petition of appeal, and a similar application founded upon the neglect of the appellants to procure a transcript of the proceedings before the surrogate. In the first case it was always the fault of the appellant, or his solicitor, if the petition of appeal was not filed within the fifteen days allowed for that purpose; for there was nothing to prevent its being filed the moment the appeal was entered. To prevent unnecessary delay, therefore, where no other excuse could be offered but mere negligence, the rule had in terms authorized an ex parte application to dismiss, if the petition of appeal was not filed within the time prescribed for that purpose. But in the other case it

was frequently out of the power of the appellant, or his solicitor, to procure the transcript from the surrogate in time to comply with the rule, requiring it to be returned within twenty days after the entering of the appeal. Notice of the application to dismiss was therefore required in such cases, to enable the court to judge of the sufficiency of the excuse offered by the appellant for not procuring a return of the transcript.

On a subsequent day, the application was renewed, upon notice to the appellant's solicitor. He showed, however, by affidavit, that immediately after the appeal, and several times subsequently, he applied to the surrogate for the transcript; informing him of the necessity of having the same returned to this court within the twenty days. He also offered to pay him the fees for making the same. But the surrogate *did* not complete the transcript until about a week after the expiration of the twenty days; when it was immediately filed with the assistant register.

*J. B. Purroy*, for the respondent.

*M. T. Reynolds*, for the appellant.

THE CHANCELLOR. The excuse offered by the appellant is a perfect answer to this application; as both he·and his solicitor have done all in their power to comply with the rule of the court. And the only thing that remains to be considered is the question as to the costs of the application. Even if the notice of this motion had been given before the transcript was actually returned and filed in this court, the appellant ought not to be charged with costs; as he has been guilty of no laches, and has done every thing in his power to procure the return of the transcript in time. It also appears, from the affidavit on which the application is founded, that the respondent's solicitor knew that the transcript had been actually filed nearly two months previous to the service of notice of this motion. The respondent must therefore pay the costs to which the adverse party has been subjected in opposing a useless and improper application.